UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| EDWARD JOSE JUNIOR, | : | CASE NO. 1:21-cv-02242 |
| | : | |
| Petitioner, | : | JUDGE JAMES S. GWIN |
| | : | |
| v. | : | OPINION AND ORDER |
| | : | |
| ALINE FERREIRA DE SOUSA, | : | [Resolving Docs. 48, 49] |
| | : | |
| Respondent. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Edward Jose Junior ("Jose Junior") brought a petition under the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention"), seeking an order compelling the return of his child, A.S.C., to Brazil.[1] In 2020, his ex-wife and A.S.C.'s mother, Respondent Aline Ferreira de Sousa ("Ferreira de Sousa"), wrongfully removed A.S.C. from Brazil. On June 27, 2023, this Court granted Jose Junior's petition and issued a return order.

Now, Respondent Ferreira de Sousa asks the Court (1) to reconsider the return order on two grounds[2] and (2) to stay the return order pending appeal.[3]

For the following reasons, the Court **DENIES** both of Respondent Ferreira de Sousa's motions. The Court **ORDERS** Ferreira de Sousa to follow the original return plan and give

---

[1] The Hague Convention on the Civil Aspects of International Child Abduction ("The Hague Convention"), Mar. 26, 1986, T. I. A. S. No. 11670, S. Treaty Doc. No. 99–11, as implemented by the International Child Abduction Remedies Act (ICARA), 102 Stat. 437, as amended, 22 U.S.C. § 9001 et seq.
[2] Doc. 48.
[3] Doc. 49.

Case No. 1:21-cv-02242
GWIN, J.

A.S.C. to Jose Junior on July 27, 2023, at 1:00 p.m. in the presence of Magistrate Judge Armstrong in Courtroom 9B.

## I. Motion for Reconsideration

Respondent Ferreira de Sousa seeks a rehearing, an alteration, or an amendment of the return order under Rules 59(a)(1)(B), 59(e), and 60(b) of the Federal Rules of Civil Procedure.

Generally, a motion for a new trial in a non-jury case "should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons."[4]

Under Rule 59(e), a court may grant a motion to amend or alter its judgment if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) manifest injustice.[5] A reconsideration motion, however, is not an opportunity to re-litigate previously decided matters or present the case under new theories.[6] Such a reconsideration motion is extraordinary and rarely granted.[7]

Under Rule 60(b), courts may relieve a party from a final order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

---

[4] Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2804 (3d ed.).
[5] Gencorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999).
[6] Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998).
[7] Plaskon Elec. Materials, Inc. v. Allied–Signal, Inc., 904 F. Supp. 644, 669 (N.D. Ohio 1995).

Case No. 1:21-cv-02242
GWIN, J.

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.[8]

Courts avoid granting relief from judgments due to "public policy favoring finality of judgments and termination of litigation."[9] Similar to Rule 59(e) motions, Rule 60(b) motions are only granted in exceptional circumstances.[10]

Here, Respondent Ferreira de Sousa has not shown that any of the above reasons applies. Her motion for consideration is based on two grounds: (1) the child's return will expose the child to a grave risk of harm and (2) not holding this matter in abeyance until the resolution of Ferreira de Sousa's asylum claim conflicts with the United States' human rights principles. The Court had already addressed these arguments in its July 27, 2023, opinion and order.[11]

There is no new evidence that would change the Court's decision. Ferreira de Sousa attaches a handwritten letter by A.S.C. where A.S.C. said she wants to stay with her mother.[12] But the Court had already found during the bench trial that A.S.C. is not mature enough for the Court to consider her views. Ferreira de Sousa alleges that Junior's death threats continue to this day. She quotes a July 7, 2023, email from Jose Junior, where he told her that if she creates obstacles for A.S.C.'s return, he will contact the U.S. immigration authorities and it'll make her problems bigger.[13] Like the other messages that Ferreira de Sousa relied on in the

---

[8] Fed. R. Civ. P. 60(b).
[9] *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002) (quoting *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001)).
[10] *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir. 2008).
[11] Doc. 45.
[12] Doc. 48 at 7 (PageID 380).
[13] *Id*. at 2 (PageID 375), n. 5.

3

Case No. 1:21-cv-02242
GWIN, J.

past, this email does not support a grave risk finding.

Ferreira de Sousa also does not point to a change in the law. For the above reasons, this case does not fall under any of the exceptional circumstances that would justify reconsideration. So, the Court declines to reconsider its ruling.

## II. Motion to Stay

Respondent Ferreira de Sousa plans to appeal this Court's return order, and asks for a stay pending appeal.

To determine whether to grant a stay, courts should apply the following traditional factors:

> (1) whether stay applicant has made strong showing that she is likely to succeed on merits; (2) whether applicant will be irreparably injured absent stay; (3) whether issuance of stay will substantially injure other parties interested in proceeding; and (4) where the public interest lies.[14]

These factors do not support a stay here. Ferreira de Sousa has not shown why she may win on appeal. Nor has she shown why she will be irreparably injured absent a stay. She wrongfully removed A.S.C. from Brazil, and does not meet the bar for either the grave risk or public policy exception. Brazil's post-removal custody decisions, also known as chasing orders, take away sole custody from Ferreira de Sousa. But internal custody issues that occurred after A.S.C.'s removal are not of this Court's concern. Generally, the merits of custody decisions should be left to the country of habitual residence.[15]

A stay would keep A.S.C. away from her habitual residence, father, and extended

---

[14] *Chafin v. Chafin*, 568 U.S. 165, 179 (2013) (internal quotations omitted).
[15] *See* Abbott v. Abbott, 560 U.S. 1, 9, 130 S. Ct. 1983, 1989 (2010); *Friedrich v. Friedrich*, 78 F.3d 1060, 1063 (6th Cir. 1996).

4

Case No. 1:21-cv-02242
GWIN, J.

family for even longer.  This will substantially injure Jose Junior, A.S.C., and the rest of family.

Keeping A.S.C. away from Jose Junior for an additional period of time also conflicts with the

purpose of the Hague Convention, which is to provide for a prompt return of the child.[16]

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Respondent Ferreira de Sousa's motion

for reconsideration and motion to stay.  The Court **ORDERS** Ferreira de Sousa to give A.S.C.

to Petitioner Jose Junior on July 27, 2023, at 1:00 p.m. in the presence of Magistrate Judge

Armstrong in Courtroom 9B.

IT IS SO ORDERED.


Dated: July 25, 2023                                   *s/      James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE

---

[16] Hague Convention, art. 1.